IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| THOMAS RAY POOLE, | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1240 |
| DIRECTOR, TDCJ-CID | § | |

**ORDER OF DISMISSAL**

Petitioner Thomas Ray Poole, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered petition for habeas corpus. The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation concluding that the petition should be dismissed with prejudice as time-barred. The Report found that Petitioner's federal petition, filed on October 19, 2016, is time-barred because it was filed over 4 years too late. Mr. Poole filed objections to the Report.

**Standard of Review and Reviewability**

Where a magistrate judge's report has been objected to, the district court reviews the recommendation *de novo* pursuant to Federal Rule of Civil Procedure 72. *See also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). During a *de novo*

1

review, a court examines the entire record and makes an independent assessment of the law. When no objections are filed, plaintiff is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc* ).

## Discussion and Analysis of Plaintiff's Objections

The Report found that Mr. Poole's petition is barred by limitations and should be dismissed with prejudice because Mr. Poole failed to file his federal writ petition within the statute of limitations provided in § 2244(d) of AEDPA. Mr. Poole has never disputed that his petition was late. He argues, however, that the time limitations were tolled during the pendency of his state habeas petitions. *See* Objections at 3.

The date the limitations period began to run in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Mr. Poole challenges his conviction, the statute of limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Mr. Poole's judgment became final when his time for filing a petition for writ of certiorari expired, on February 1, 2011 (i.e. 90 days after the refusal of his petition for discretionary review). *Broussard v. Thaler*, 414 Fed. App'x 686, 687 (5th

Cir. 2011). Therefore, without considering tolling, Poole's limitations period would have expired one year later, on February 1, 2012.

Mr. Poole filed two state applications for writ of habeas corpus challenging his conviction. The first application was filed on January 17, 2015, and dismissed as non-compliant with the Texas Rules of Appellate Procedure on May 6, 2015. SHCR-10 at 16, "action taken" cover sheet. The second application was filed on May 23, 2016, and denied without written order on September 7, 2016. SHCR-12 at 17, "action taken" cover sheet. He filed his federal petition on October 19, 2016. *See* Fed. Writ Pet. at 1.

AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Mr. Poole filed his first state habeas application, at the earliest, on January 17, 2015. Accordingly, his applications did not toll the limitations period since they were filed after the federal limitations period had already expired. *Flores v. Quarterman*, 467 F.3d 484, 486 n.2 (5th Cir. 2006); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired").

Mr. Poole does not present claims that concern a constitutional right recognized by the

3

Supreme Court within the last year and made retroactive to cases on collateral review. In addition, the record does not reflect that any unconstitutional "State action" impeded Mr. Poole from filing for federal habeas corpus relief prior to the end of the limitations period. Thus, Mr. Poole's federal petition, filed on October 19, 2016, is over 4 years too late and is not subject to statutory tolling. This objection is overruled.

Mr. Poole also generally objects to the Report and Recommendation. For instance, he states that "I may not be John Grisham, but I have read novels that did not have the degree of cover-up this case has for Petitioner" and "this is like an oil spill that will be cleaned up". *See* Objections at 3-4. To the extent Mr. Poole generally objects to the Report and Recommendation, this is insufficient to present an argument. Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. *See* Fed. R. Civ. P. 72(b). If the party fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required. *See Battle v. United States Parole Commission,* 834 F.2d at 421. Mr. Poole's general objections in this instance are not specific enough to warrant *de novo* review. They are overruled.

Finally, Mr. Poole alleges he is entitled to equitable tolling because his claims are meritorious and that it took him several years to prepare his documents. Mr. Poole, however, has not alleged any facts that could support a finding that equitable tolling applies. *See Holland v. Florida*, 130 S. Ct. 2549 (2010) (holding that AEDPA's statute of limitations is subject to equitable tolling).

Mr. Poole's assertions cannot justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (neither "excusable neglect" nor ignorance of the law justifies equitable tolling); *see also Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *Felder*, 204 F.3d at 171 ("[P]roceeding *pro se* is not a rare and exceptional circumstance[.]"); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."). A petitioner's ignorance of the law, lack of knowledge of filing deadlines, *pro se* status, illiteracy, and lack of legal training will not support equitably tolling the AEDPA limitations period. *See Felder v. Johnson*, 204 F.3d at 171–72.

Mr. Poole's conclusory allegations do not prove an extraordinary circumstance entitling him to equitable tolling. Mr. Poole has not alleged, let alone proven, the existence of exceptional circumstances or that he acted with reasonable diligence. *See generally* Fed. Writ Pet. This case does not present the necessary "rare and exceptional circumstances" to merit such tolling. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

Moreover, "[i]n order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. Mr. Poole failed to diligently pursue such relief. One component of the obligation to pursue rights diligently is not to squander the one-year grace period. *Johnson v. Quarterman*, 483 F.3d 278–88 (5th Cir. 2007). Mr. Poole waited more than 4 years to challenge his conviction. It cannot be said that Mr. Poole was diligent in pursuing relief.

Consequently, he is not entitled to equitable tolling.

Mr. Poole's objections are without merit. The Report of the Magistrate Judge, which contains the proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections adequately presented by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **28** day of **July, 2017.**

_____
Ron Clark, United States District Judge